**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JESSIE GEDDIS,
<u>Petitioner,</u>

v.

CERES MARINE TERMINALS,

No. 96-2583

INCORPORATED; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,
<u>Respondents.</u>

On Petition for Review of an Order
of the Benefits Review Board.
(95-900)

Submitted: October 7, 1997

Decided: November 10, 1997

Before WILLIAMS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Ralph R. Lorberbaum, ZIPPERER & LORBERBAUM, P.C., Savan-
nah, Georgia, for Petitioner. Stephen E. Darling, SINKLER &
BOYD, P.A., Charleston, South Carolina, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jessie L. Geddis petitions for review of the statutorily mandated order of the Benefits Review Board (Board)* affirming the decision of an administrative law judge (ALJ) denying Geddis' application for benefits under the Longshore and Harbor Workers' Compensation Act (the Act), 33 U.S.C.A. §§ 901-950 (West 1994 & Supp. 1997). Because substantial evidence supports the ALJ's decision and there were no errors of law, see Newport News Shipbuilding & Dry Dock Co. v. Parker, 935 F.2d 20, 22-23 (4th Cir. 1991), we deny the petition for review.

Geddis alleged that he was injured on February 14, 1993. He claimed that when he was working for Ceres Marine Terminals he breathed fumes which aggravated his asthma, rendering him unable to work. Geddis thus alleged that his injury was work-related, and he was entitled to the statutory presumption of coverage under the Act. See 33 U.S.C.A. § 920(a); Universal Maritime Corp. v. Moore, ___ F.3d ___ (4th Cir. Sept. 16, 1997) (No. 96-2612). Ceres' evidence was sufficient to rebut the statutory presumption. See id. Of particular note are doctors' opinions that it was chest trauma incident to a motor vehicle accident on February 16, 1993, that exacerbated Geddis' condition. The presumption having been rebutted, the ALJ was bound to weigh the evidence in the record. See id.

_____

*The Board issued no opinion, but affirmed the ALJ's decision by operation of law when it failed to act on his appeal of the ALJ's decision within one year. Congress has mandated that certain cases pending before the Board for more than one year are considered affirmed for purposes of seeking judicial review. See Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134,§ 101(d), 110 Stat. 1321, 1321-29 (1996). Geddis' complaint that the matter is not ripe for judicial review is thus without merit.

2

Substantial evidence supports the ALJ's finding that Geddis was not entitled to benefits. Geddis had a longstanding history of asthma but had worked for years despite his condition. He complained to no one about exposure to fumes after the alleged incident. He informed doctors who treated him after his motor vehicle accident that he was doing well and his asthma was under control until the accident. His treating physicians concluded that there was a causal relationship between the trauma of the accident and the exacerbation of his asthmatic bronchitis and bronchospasm. A physician who examined Geddis in January 1994 described occupational asthma "as a speculation." The doctor observed that no specific offending agent had been identified. He concluded that Geddis did not manifest true occupational asthma.

Besides Geddis, two longshoremen testified at the hearing before the ALJ. Neither, however, had worked on any Ceres ships with Geddis. Their testimony thus was of no relevance to whether Geddis was injured as claimed.

Because the evidence supports the ALJ's finding, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

PETITION DENIED

3